**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000697
03-OCT-2024
08:33 AM
Dkt. 68 SO

NO. CAAP-20-0000697

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE,
ON BEHALF OF THE OWNERS OF THE ACCREDITED MORTGAGE LOAN TRUST
2004-4 ASSET BACKED NOTES, Plaintiff-Appellee, v.
THOMAS ANTHONY RUSSO, JENNIFER SUZANNE RUSSO,
Defendants-Appellants, JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC141000126)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants **Thomas** Anthony Russo and

Jennifer Suzanne Russo (together, **Russos**) appeal from the

Circuit Court of the Second Circuit's[1] (1) August 20, 2020 order

granting Plaintiff-Appellee **Deutsche Bank** National Trust

Company, as Indenture Trustee, on Behalf of the Owners of the

---

[1] The Honorable Rhonda I.L. Loo presided. The Russos also purport to appeal from the August 20, 2020 Notice of Entry of Judgment.

Accredited Mortgage Loan Trust 2004-4 Asset Backed Notes' motion to set aside the order granting the Russos' motion to direct the commissioner to sell via private sale (**Confirmation Order**); (2) August 20, 2020 Judgment on the Confirmation Order (**Confirmation Judgment**); and (3) September 29, 2020 order denying the Russos' motion to reconsider the Confirmation Order.

On appeal, the Russos contend the circuit court abused its discretion: (1) when the presiding judge, the Honorable Rhonda I.L. Loo, failed to recuse herself from the case; and (2) by declining to reconsider confirming the foreclosure sale to Deutsche Bank despite the Russos having a private purchaser ready to buy the property for a higher price.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** In their points of error, the Russos contend Judge Loo "should have disqualified herself as judge in the State Court Proceeding."

In reviewing a motion to disqualify or recuse a presiding judge under Hawaiʻi Revised Statutes (**HRS**) § 601-7(b) (2016), we "accept the facts [asserted] in the affidavit as true, and our only function is to determine whether the facts

2

sufficiently establish a personal bias and prejudice."  Schutter

v. Soong, 76 Hawaiʻi 187, 205, 873 P.2d 66, 84 (1994).

> Hawaiʻi courts apply a two-part analysis in disqualification or recusal cases.  First, courts determine whether the [purported] bias is covered by HRS § 601-7, which only pertains to cases of affinity or consanguinity, financial interest, prior participation, and actual judicial bias or prejudice.  This first step refers to judicial disqualification. . . .
>
> Second, if HRS § 601-7 does not apply, courts may then turn, if appropriate, to the notions of due process in conducting the broader inquiry of whether circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on the judge's impartiality. A judge who ceases participating because of due-process concerns "recuses" him or herself.

Chen v. Hoeflinger, 127 Hawaiʻi 346, 361, 279 P.3d 11, 26

(App. 2012) (cleaned up).

Assuming, *arguendo*, the Russos' initial request for

the presiding judge to recuse herself was timely, the request

was not supported by specific facts and reasons.  Specifically,

the Russos rely on ambiguous assertions in Thomas's affidavit

stating:  "I have had previous experiences with" Judge Loo,

"[based on my experience with [Judge Loo] . . . , I feel that

[she] should recuse [herself]," and Judge Loo has "a personal

bias or prejudice either against the party or in favor of any

opposite party to the suit[.]"  These vague contentions do not

state a basis for disqualification.

As to the Russos' second request to disqualify Judge

Loo, the request was untimely, as it was not made before the

trial or hearing, but after the circuit court ruled on the

confirmation of foreclosure sale.  See HRS § 601-7(b).
Moreover, the request was supported by a new affidavit, which is prohibited by HRS § 601-7(b).

Thus, the Russos fail to show the circuit court abused its discretion in denying their requests to disqualify.

**(2)**  The Russos next contend the circuit court abused its discretion in declining to reconsider the Confirmation Order — which confirmed the foreclosure sale to Deutsche Bank — because they now had a "ready, willing and able buyer that would pay twenty-thousand dollars more than the foreclosure auction sale."

Generally, under Hawaiʻi Rules of Civil Procedure Rule 59(e),

> the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.  Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) (citation and internal quotation marks omitted); Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992).

When the circuit court considered whether to confirm the foreclosure sale to Deutsche Bank for $360,000.00, the Russos claimed they had an existing private offer of

4

$225,000.00.[2]  Only after the circuit court rejected the Russos' argument for a private sale and confirmed the sale to Deutsche Bank, did the Russos claim that the same purchaser was now willing to purchase the property for $380,000.00.

The Russos failed to explain why they could not have presented this evidence at, or prior to, the confirmation hearing; thus, they fail to show that the circuit court abused its discretion in denying their motion for reconsideration.

Based on the foregoing, we affirm the circuit court's August 20, 2020 Confirmation Order and Confirmation Judgment, and September 29, 2020 order denying the Russos' motion to reconsider the Confirmation Order.

DATED:  Honolulu, Hawaiʻi, October 3, 2024.

| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
|---|---|
| Michael J. Collins,<br>for Defendants-Appellants. | /s/ Karen T. Nakasone<br>Associate Judge |
| Lansen H.G. Leu,<br>(Leu Okuda & Doi),<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |

---

[2]  We note that the circuit court granted the Russos' previous request to direct the commissioner to sell the property via private sale for $450,000.00, but the private purchaser failed to close that transaction.